**Larry J. SMITH and Sheila Smith, Plaintiffs–Appellants,**

v.

**Catherine Ann SEPPI and State Farm Mutual Automobile Insurance Company, Defendants–Respondents.**

**No. ED 78334.**

Missouri Court of Appeals, Eastern District, Division Four.

June 29, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 16, 2001.

Application for Transfer Denied Sept. 25, 2001.

Leonard P. Cervantes, Jennifer L. Suttmoeller, St. Louis, MO, for appellants.

Jeffrey J. Brinker, Karen M. Speiser, Clayton, MO, for respondent.

Samuel T. VanDover, St. Louis, MO, for defendant.

Before LAWRENCE E. MOONEY, P.J., PAUL J. SIMON and SHERRI B. SULLIVAN, JJ.

## ORDER

PER CURIAM.

Plaintiffs, Larry and Sheila Smith, appeal the judgment enforcing a settlement

agreement with Defendant, State Farm Mutual Automobile Insurance Company, which provided that Plaintiffs will receive $3500.00 from Defendant to satisfy an uninsured motorist claim. Plaintiffs claim the trial court erred in granting Defendant's motion to enforce the settlement agreement because there was no substantial evidence to support a finding that a settlement had been reached, a finding that a settlement had been reached was against the weight of the evidence, and the trial court erroneously declared and applied the law. Plaintiffs further support their single point with the following sub-arguments: (1) the trial court did not have evidence before it to issue its orders of August 2, 2000 and August 4, 2000, because the transcript had not yet been prepared; (2) the August 2, 2000 order erroneously declared and applied the law in setting aside the two dismissals of Defendant without prejudice in cause number 942–10005 and retaining jurisdiction; (3) there was no competent evidence to raise a presumption that Plaintiffs' attorney had been given authority to settle their claim with Defendant for $3500; and (4) Defendant failed to prove by clear and convincing evidence that a settlement of Plaintiffs' claim for $3500 had ever been agreed to by either of the Plaintiffs.

We have reviewed the parties' briefs and the legal file. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. However, the parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 84.16(b).

We affirm the judgment.